**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **MARK ORTEGA,** individually and on behalf of all others similarly situated, | Case No. 5:24-cv-351 |
| | **CLASS ACTION COMPLAINT** |
| *Plaintiff,* | **DEMAND FOR JURY TRIAL** |
| v. | |
| **PRIORITY CONTRACTING AND ROOFING LLC** d/b/a PRIORITY ROOFING | |
| *Defendant,* | |

### PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, Mark Ortega ("Plaintiff" or "Ortega") brings this Class Action Complaint and Demand for Jury Trial against Defendant Priority Contracting and Roofing LLC ("Defendant" or "Priority Contracting and Roofing") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

#### I. PARTIES

1. Plaintiff is a resident of San Antonio, Texas.

2. Defendant is a Texas limited liability corporation. Defendant conducts business throughout this District.

1

## II. JURISDICTION AND VENUE

3. <u>Jurisdiction.</u> This Court has federal question subject matter jurisdiction over this action under 28 U.S.C §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court also has supplemental jurisdiction because the Texas Telephone Solicitation Act ("TTSA") claim relates to the same telemarketing campaign as the TCPA.

4. <u>Personal Jurisdiction.</u> This Court has personal jurisdiction over the Defendant because the Defendant transacts business in this District and places calls to consumers into this District.

5. <u>Venue.</u> Venue is proper in this District under 28 U.S.C § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed into this District.

## III. INTRODUCTION

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

8. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R § 64.1200(c)(2).

9. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

10. The TCPA prohibits the initiation of the telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5).

## IV. FACTUAL ALLEGATIONS

11. Priority Contracting and Roofing provides roofing services.

12. Priority Contracting and Roofing uses telemarketing to promote its services and solicit new clients.

13. Plaintiff is an individual who was in Texas at the time of the messages.

14. Plaintiff's residential telephone number is (210)-744-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the messages at issue.

15. Plaintiff uses his cell phone primarily for personal, residential, and household purposes.

16. Plaintiff never consented to receive telemarketing communications from Defendant.

17. Despite this, Plaintiff still received telemarketing calls from Defendant.

18. On or around February 15, 2024, Plaintiff received an unsolicited telemarketing call to his cell phone from Defendant, from the following number: 512-616-6415. When this call was answered, the caller stated he was selling roofing services, but when Plaintiff inquired further about the name of the business, the caller would not identify his name or the name of the business. Plaintiff scheduled an appointment for Saturday to receive a call back.

19. On or about February 17, 2024, an employee of Defendant named Bobby Solis called Plaintiff from 210-990-8522. Defendant's employee stated he was calling about roofing services that were scheduled from the initial call that was made on or about February 15. Defendant's employee was calling to reschedule the roofing services, and Plaintiff asked him for the business

3

information, which Defendant's employee did not provide over the phone but stated he would send it via text once they rescheduled the appointment.

20. On or about February 18, 2024, Plaintiff messaged Defendant's employee to the same number for his business card information. In his reply, Defendant's employee included a link to his company: https://app.repcard.com/bobbysolis/hello/D7G1-a1h

21. The business shows as Priority Roofing San Antonio, which is a subsidiary company of Defendant.

22. On or about February 20, 2024, Plaintiff messaged Defendant's employee and stated to not call him because he is on the Do Not Call Registry. On the same day, Defendant's employee messaged: "I didn't call you, I was assigned to an appointment you made on the phone. But no worries I'll inform the office of your cancellation. Thanks."

23. On or about February 21, 2024, Plaintiff's attorney sent a letter to Defendant stating that Plaintiff is registered in the National Do Not Call Registry, did not consent to receiving communications from Defendant, and demanding damages. The email went unanswered.

24. Unfortunately, some of these messages from Defendant are being placed to consumers without consent, including to consumers that registered their phone numbers on the DNC, as per Plaintiff's experience.

25. In response to these calls, Plaintiff brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

26. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

## V. CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure § 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **National Do Not Call Registry Class:** All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint through the date of trial.
>
> **Texas Telephone Solicitation Act Do Not Call Registry Class:** All persons in the United States (1) who received a telephonic sales call regarding Defendant's goods and/or services (2) to a number listed on the Texas No-Call list (3) at any time in the period that begins two years before the date of filing this Complaint through the date of trial.

28. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Classes definition following appropriate discovery.

29. **Numerosity and Typicality:** On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

30. **Commonality and Predominance:** There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    a.    Whether Defendant's conduct violated the TCPA;

    b.    Whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

    c.    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

32. **Appropriateness:** This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## **FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227)**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

33. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

34. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(2), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

35. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

36. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry.

37. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R § 64.1200, as described above.

38. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

39. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CAUSE OF ACTION**
**Violation of Texas Telephone Solicitation Act**
**Tex. Bus. & Com. Code Ann. § 305**
**(On Behalf of Plaintiff and the Texas Telephone Solicitation**
**Act National Do Not Call Registry Class)**

40. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

41. It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." *See* Tex. Bus. & Com. Code Ann. § 305.001.

42. The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". *See* Tex. Bus. & Com. Code Ann. § 305.053.

43. In violation of the TTSA, Defendant made and/or knowingly allowed telephonic communications to Plaintiff and the Class members without Plaintiff's and the Class members'

8

prior express written consent even though the Class members were on the National Do Not Call Registry.

44. As a result of Defendant's conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *See id.*

45. To the extent Defendant's misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**THIRD CAUSE OF ACTION**
**Violation of Texas Regulation of Telephone Solicitation**
**Tex. Bus. & Com. Code Ann. § 302**
**(On Behalf of Plaintiff and the Texas Telephone Solicitation**
**Act National Do Not Call Registry Class)**

46. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

47. Section 302.101(a) of Texas Business and Commerce Code requires sellers that makes a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold "a registration certificate for the business location from which the telephone solicitation is made." Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." *See id* (b).

48. In violation of the Code, Defendant made telephonic solicitations to Plaintiff and Class Members without having a registration certificate for each business location at the time of the calls.

49. As a result of Defendant's conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation.

50. Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) Certification of the proposed Classes;

b) Appointment of Plaintiff as representative of the Classes;

c) Appointment of the undersigned counsel as counsel for the Classes;

d) An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

e) An award to Plaintiff and the Classes of damages, as allowed by law; and

f) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**MARK ORTEGA**, individually and on behalf of all others similarly situated,

DATED this 6th day of April 2024.

By:

**ALMANZA TERRAZAS PLLC**
13423 Blanco Rd, PMB 8098
San Antonio, Texas 78216
Telephone: 512-900-9248
Email: paulina@almanza.legal

<u>/s/ **Paulina Almanza**</u>
Paulina Almanza
State Bar No. 24109580
Attorney for Plaintiff Mark Ortega