IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARK ORTEGA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PRIORITY CONTRACTING AND ROOFING LLC** d/b/a PRIORITY ROOFING<br><br>*Defendant,* | Case No. 5:24-cv-351-JKP-HJB |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT CLASS CERTIFICATION DISCOVERY PRIOR TO ENTRY OF FINAL JUDGMENT**

Plaintiff Mark Ortega ("Plaintiff"), on behalf of himself and the proposed classes, respectfully moves this Court for leave to conduct class certification related discovery against Defendant, Priority Contracting and Roofing LLC ("Defendant") for its violation of the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA"). In support, Plaintiff states as follows:

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On April 6, 2024, Plaintiff initiated this class action lawsuit by filing the Complaint against Priority Roofing. [Doc. No. 1]. In the complaint, Plaintiff asserts one claim under the TCPA, 42 U.S.C. § 227, and one claim under Tex. Bus. & Com. Code Ann. § 305. The claims arise from Priority Roofing's initiation of telemarketing messages to cellular telephone numbers of Plaintiff and members of the proposed Class, absent the requisite "express written consent." The Complaint seeks class certification of a proposed Class of similarly situated persons pursuant to Rules

1

23(b)(2) and 23(b)(3), and a judgment of statutory damages and injunctive relief, as afforded by the TCPA, in favor of Plaintiff and the Class.

On April 12, 2024, Plaintiff attempted to serve Defendant's registered agent with a summons and a copy of Plaintiff's Original Class Action Complaint by personal service, but Plaintiff's process server was informed that Defendant was unknown at the address that Defendant had listed with the Secretary of State. Texas law requires a limited liability company, such as Defendant to "designate and continuously maintain … a registered agent." *See* Texas Business Organizations Code § 5.201.

Despite Defendant's failure to continuously maintain an agent for service of process, Plaintiff used reasonable diligence to find an alternative address for Defendant's agent, in compliance with Fed. R. Civ. P. On April 25, 2024, Plaintiff served Defendant at the office address where the President/Owner is located at with a summons and copy of Plaintiff's Original Class Action Complaint by personal service. On May 3, 2024, Plaintiff filed the Executed Return of Service. [Doc. No. 6]. Defendant was required to file an answer or responsive pleading on or before May 16, 2024.

On May 18, 2024, Plaintiff moved for entry of a clerk's default [Doc. No. 7]. On May 20, 2024, the clerk entered a default as to Defendant [Doc. No. 8.]. As a result of Defendant's default, Plaintiff now requests that the Court grant Plaintiff leave to conduct class discovery to identify members of the Classes and determine the amount of damages they are entitled to. Plaintiff requires discovery so that the Court can decide on class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and then enter an appropriate default judgment against Defendant.

II.     ARGUMENT

A.  **<u>The Court Should Grant Leave to Conduct Class Certification Discovery</u>**

Pursuant to Federal Rule 55(d)(2): "The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other mater."

Courts have found that entry of default does not impede on Plaintiff's right to pursue certification of a class under Fed. R. Civ. P. 23. *See McAllister v. Lake City Credit, LLC*, No. 1:22-CV-41-SA-DAS, 2022 U.S. Dist. LEXIS 194047, 2022 WL 14809822, at *2 (N.D. Miss. Oct. 25, 2022); *Lehman v. Calls After Hours, LLC*, 2019 U.S. Dist. LEXIS 230289, 2019 WL 8405591 (N.D. Ohio Aug. 16, 2019); *see also Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014) (citing *Leider v. Ralfe*, 2003 U.S. Dist. LEXIS 21159, 2003 WL 24571746, at *8-13 (S.D.N.Y. Mar. 3, 2003)) ("[I]n cases where a defendant failed to appear, an entry of default by the clerk of the court has not prevented district courts from considering whether to certify a class prior to the entry of a default judgment against a defendant.").

"The party seeking class certification bears the burden of meeting all the Rule 23 requirements." *Langbecker v. Electronic Data Systems Corp.*, 476 F.3d 299, 306 (5th Cir. 2007) (citing *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001)). Certification under Rule 23 remains a necessary procedural requirement for the class to recover damages. The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3rd Cir. 1974)). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper."

3

*Romney*, 490 F.2d at 1366. Therefore, the Court must first determine whether class certification is appropriate before it may decide whether to enter a default judgment in favor of the entire class.

The Fifth Circuit has recognized Plaintiff's right to conduct some discovery for purposes of establishing entitlement to certification of a class. *See Martin v. Khaylie Hazel Yearning LLC*, 2022, U.S. Dist. LEXIS 222304, *4, (citing *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982). The Fifth Circuit has also emphasized that "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Id.* (citing *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977)).

In the instant action, the putative Classes consist of individuals who were unlawfully contacted by Defendant with unsolicited telemarketing messages. Specifically, the putative Classes consists of:

> All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint through the date of trial.
>
> (the "National Do Not Call Registry Class")
>
> All persons in the United States (1) who received a telephonic sales call regarding Defendant's goods and/or services (2) to a number listed on the Texas No-Call list (3) at any time in the period that begins two years before the date of filing this Complaint through the date of trial.
>
> (the Texas Telephone Solicitation Act Do Not Call Registry Class").

[Doc. No. 1 at 5].

Before the Court can enter a default judgment in favor of the Class, it must first find that the following four requirements of Rule 23(a) have been met. The first prerequisite to class certification under Rule 23(a) is the existence of a class "so numerous that joinder of all members

4

is impracticable." FED. R. CIV. P. 23(a)(1). "A number of facts other than the actual or estimated number of purported class members may be relevant to the numerosity question; these include, for example, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Kabbash v. Jewelry Channel, Inc. USA*, 2017 U.S. Dist. LEXIS 87502, *16-17, (citing *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981)).

In this case, factual evidence is needed to show the first element of numerosity and to identify recipients of Defendant's TCPA violative calls, as this information directly impacts both class certification and the measure of damages. Specifically, Plaintiff seeks to serve subpoenas on Defendant's officer and registered agent, Will Miller, as identified by Defendant's filings with the Texas Secretary of State, to obtain call logs from them and identify any third party, including any franchisee of Defendant, telephone service, or third-party marketing vendor, that would have access to information regarding Defendant's TCPA violative messages. Plaintiff also seeks to serve subpoenas on the third parties that have been identified through discovery to obtain information in their possession that is sufficient to identify the Class members and to determine the scope of Defendant's liability for statutory damages to each of them.

### III.    CONCLUSION

For these reasons, Plaintiff requests that the Court grant leave to conduct class certification discovery, including third-party discovery as necessary, and provide such further relief as is just and proper.

Dated: June 6, 2024

By: /s/ Paulina Almanza
Paulina Almanza (TX Bar No. 24109580)
paulina@almanza.legal
Almanza Terrazas PLLC
13423 Blanco Rd, PMB 8098
San Antonio, Texas 78216
Telephone: 512-900-9248

*Attorney for Plaintiff and the putative Class*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Plaintiff's Motion for Leave to Conduct a Class Certification Discovery Prior to Entry of Final Judgment was filed electronically on June 6, 2024, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all properly registered parties by operation of the Court's electronic case filing system and a copy of the foregoing document was also sent via first class mail, postage prepaid, to:

PRIORITY CONTRACTING AND ROOFING LLC
c/o William T Miller
1420 W. Mockingbird Ln, Suite 540,
Dallas, Texas 75247

/s/ Paulina Almanza
Paulina Almanza
Attorney for Plaintiff