IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

| | |
|---|---|
| MARK ORTEGA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIORITY CONTRACTING AND ROOFING LLC d/b/a PRIORITY ROOFING<br><br>Defendant. | Case No. 5:24-cv-351-JKP-HJB |

**DEFENDANT'S OPPOSED RULE 60(b) MOTION TO VACATE CLERK'S ENTRY OF DEFAULT AND AUGUST 1ST DISCOVERY ORDER**

Defendant Priority Contracting and Roofing LLC d/b/a Priority Roofing ("Defendant"), by and through its counsel of record, respectfully move this Court for an Order vacating the Clerk's Entry of Default Against Defendant, *see* Docket ("Dkt.") 8, which granted Plaintiff Mark Ortega ("Ortega")'s Motion for Clerk's Default and the Court's August 1, 2024 Order granting Plaintiff's Motion for Leave to Conduct Class Certification Discovery Prior to Entry of Final Judgment (the "Discovery Order"), *see* Dkt. 14.

**RULE 7 CONFERENCE**

Pursuant to Local Rule 7(G), counsel for Defendant and Ortega met and conferred on September 10, 2024, regarding the present Motion. Ortega opposes the relief herein sought by Priority.

**PROCEDURAL HISTORY**

Ortega filed his Class Action Complaint with this Court on April 6, 2024. In his Complaint, Ortega, both individually and on behalf of the Class, alleges that Defendant has violated the

1

Telephone Consumer Protection Act, 47 U.S.C. § 227, violation of the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code Ann. § 305, and violation of the Texas Regulation of Telephone Solicitation, Tex. Bus. & Com. Code Ann. § 302.  *See* Dkt. 1.  Defendant was served on April 25, 2024, at 1420 West Mockingbird Lane 540, Dallas, Texas 75247, and the Proof of Service was filed with the Court on May 3, 2024.  *See* Dkt. 6.  Two days after Defendant should have filed its response to Ortega's Complaint, Ortega filed his Motion for Clerk's Entry of Default on May 18, 2024.  *See* Dkt. 7.  Thereafter, the Clerk entered default against Defendant on May 20, 2024.  *See* Dkt. 8.  The Court entered the Discovery Order on August 1, 2024.  *See* Dkt. 14.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a party may seek relief from default judgment for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Courts should construe motions made under Rule 60(b)(1) liberally due to the fact that courts generally disfavor default judgment.  *See Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992).  "The Fifth Circuit has stated that a district court may set aside an entry of default or default judgment for 'good cause.'"  *BMG Music v. Trinidad*, Civil Action No. SA-07-CA-123-XR, 2007 WL 9710837, at *2 (W.D. Tex. June 28, 2007) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir. 2000)).  The Fifth Circuit has historically upheld that courts should consider three factors before determining whether to vacate a default or default judgment; (1) the extent of prejudice to the plaintiff, (2) the merits of the defendant's asserted defense, and (3) the culpability of the defendant's conduct.  *Lacy*, 227 F.3d at 291; R*ogers v. Hartford Life & Accident Insurance Co.*, 167 F.3d 933, 938 (5th Cir. 1999) (citing *Hibernia Nat'l Bank v. Administration Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985)).  Ultimately, though, it is within the district court's

sound discretion whether to grant the relief sought under Rule 60(b)(1). *Hibernia Nat'l Bank*, 776 F.2d 1277, 1279 (5th Cir. 1985).

## ARGUMENT

This Court should find there is good cause to vacate the default filed against Defendant and the Discovery Order because Ortega will not be prejudiced, Defendant has a meritorious defense to Ortega's Complaint, and Defendant's lack of responsive pleading amounts to excusable neglect. For the reasons set forth herein, the Court should vacate the Clerk's Entry of Default filed against Defendant and vacate the Discovery Order.

**I.      Ortega Will Not be Prejudiced**

As a threshold consideration, vacating the Clerk's Entry of Default will not prejudice Ortega. Notably, the Court has not entered a default judgment against Defendant. The Fifth Circuit Court of Appeals has held that defaults should be more readily vacated than default judgments. *See Beitel v. OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008). Additionally, courts have an interest in determining cases on the merits. *Duran v. City of Eagle Pass*, Civil Action No. SA-10-CA-0504-XR, 2011 U.S. Dist. LEXIS 8297, at *13 (W.D. Tex. Jan. 26, 2011) (citing *In re Marinez*, 589 F.3d 772, 776–77 (5th Cir. 2009)). Further, Ortega will presumably be able to commence an action against the correct party if he chooses to do so. As such, and for the reasons stated above, Ortega would suffer no prejudice if the Court vacates the Clerk's Entry of Default.

**II.     Defendant Has A Meritorious Defense to Ortega's Complaint**

As pled, Ortega's Complaint is insufficient and fails to state a claim upon which relief may be granted because Defendant, as named, is the wrong party to this litigation. Ortega names Priority Contracting and Roofing LLC d/b/a Priority Roofing as the Defendant; however, this is the wrong entity. *See* Ex. 1, App.001-003. First, Karina Garua, who is indicated on the Proof of

Service as having accepted service on behalf of Defendant is neither employed by Priority Contracting and Roofing LLC nor is authorized to accept service on behalf of Priority Contracting and Roofing LLC. *See* Ex. 1, App.001 ¶7. Second, Priority Contracting and Roofing LLC never placed any call(s) to Ortega. *See id.* ¶5.

The Complaint alleges the business entity sent to Ortega showed as "Priority Roofing San Antonio." *See* Dkt. 1, at ¶ 21. "Priority Roofing San Antonio" is not a subsidiary company of Priority Contracting and Roofing LLC. *See* Ex. 1, App.001 ¶6; *see also Manville Sales Corp. v. Paramount Sys.*, 917 F.2d 544, 552 (Fed. Cir. 1990) ("the corporate entity should be recognized and upheld"); *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 655 (N.D. Tex. 2000) (citing *Manville Sales Corp.*, 917 F.2d at 552). Because Ortega has named the wrong defendant in this matter, the Complaint fails to state a claim upon which relief can be granted. As pled, the Complaint should be dismissed. Based on the preceding, Defendant has a meritorious defense against Ortega's Complaint.

**III.   Defendant's Default Was Not Willful**

Defendant's lack of responsive pleading was due to mistake, inadvertence, and excusable neglect. "When determining whether there has been excusable neglect, [courts] review 'all relevant circumstances surrounding the party's omission.'" *Duran*, 2011 U.S. Dist. LEXIS 8297, at *16 (quoting *Johnson v. Potter*, 364 Fed. App'x 159, 164 (5th Cir. 2010) (internal quotations omitted)). Defendant did not respond to Ortega's Complaint principally because it believed it did not have to because it was not the appropriate party to the lawsuit. *See* Ex. 1, App.002 ¶11. Additionally, Defendant, beginning May 22, 2024, communicated with Ortega's counsel to attempt address this matter and informed Ortega's counsel the wrong party was named. *See* Ex. 1, App.002 ¶¶8-10. Further, based on numerous email and phone communications with Ortega's

4

Counsel, Priority Contracting and Roofing LLC believed this matter was going to be resolved. *See id*. Even if Defendant's failure to answer the Complaint constitutes neglect, it was excusable considering the wrong party was named and Defendant's beliefs based on its communications with Ortega's counsel.

**IV.     The Court's August 1st Order Should be Vacated**.

For the reason that Priority Contracting and Roofing LLC d/b/a Priority Roofing is not the correct party to this action, the Court's Discovery Order, *see* Dkt. 14, granting Plaintiff leave to conduct class certification discovery should be vacated as well. If the Clerk's Entry of Default is Vacated, Defendant will be filing a Motion to Dismiss based on the fact it is not the correct party to this matter. *See* Ex. 1, App.001-003. As such, Defendant should not be subject to the cost, time and expense of responding to unnecessary discovery, which has been issued upon it by Ortega.

## CONCLUSION

As addressed above, failure to vacate the Clerk's Entry of Default would be a substantial injustice against Defendant, who is not even the correct party to this matter. Ortega will not be prejudiced if the default is vacated. Additionally, Defendant has a meritorious defense to Ortega's Complaint. Finally, Defendant's lack of timely response results from mistake, inadvertence, and excusable neglect. It also bears reminding that courts are to apply Rule 60(b) "most liberally to judgments of default, since trial on the merits is to be favored over such a truncated proceeding." *OCA*, 551 F.3d at 371. "Unless it appears that no injustice results from the default," the court should grant the relief sought. *Id.*

Subjecting Defendant to the discovery propounded by Ortega would also be a substantial injustice against Defendant, who is not the right party to this matter. Defendant should not be forced to respond to discovery for a matter in which it was not involved.

WHEREFORE, for the reasons set forth above, Priority Contracting and Roofing LLC d/b/a Priority Roofing respectfully requests this Court grant its Rule 60(b) Motion to Vacate Clerk's Entry of Default, vacate the Court's Discovery Order and for such other, further, or alternative relief as the Court deems just and proper.

Dated this 12th day of September, 2024.

        PRIORITY CONTRACTING AND
        ROOFING LLC d/b/a PRIORITY
        ROOFING, Defendant,

By:    */s/ Ryan M. Kunhart*
        Ryan M. Kunhart
        Texas Bar Mp/ 241-84-3
        Dvorak Law Group, LLC
        9500 W. Dodge Rd., Ste. 100
        Omaha, NE  68114
        402-934-4770
        402-933-9630 (facsimile)
        rkunhart@ddlawgroup.com

Attorneys for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2024 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF filing system.

        */s/ Ryan M. Kunhart*
        Ryan M. Kunhart