**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **MARK ORTEGA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PRIORITY CONTRACTING AND ROOFING LLC** d/b/a PRIORITY ROOFING<br><br>*Defendant,* | Case No. 5:24-cv-351-JKP-HJB |

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION OF MOTION TO VACATE CLERK'S
ENTRY OF DEFAULT AND AUGUST 1ST DISCOVERY ORDER</u>**

Plaintiff Mark Ortega ("Plaintiff"), on behalf of himself and the proposed classes, by and through his attorney, hereby submits this Response in Opposition to Defendant's Opposed Rule 60(b) Motion to Vacate Clerk's Entry of Default and August 1st Discovery Order ("Motion"). In support thereof, Plaintiff states as follows:

**PROCEDURAL HISTORY**

On April 6, 2024, Plaintiff Mark Ortega ("Ortega") filed a Class Action Complaint with this Court, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305, and the Texas Regulation of Telephone Solicitation, Tex. Bus. & Com. Code § 302. *See* ECF No. 1. After initial attempts to serve Defendant at its registered agent's address proved unsuccessful, Plaintiff effectuated service upon Defendant at the principal place of business of Defendant's owner, Will Miller, on April 25, 2024. *See* ECF No. 6.

1

Despite proper service, Defendant failed to file an answer or any other responsive pleading to the Complaint within the allotted time. Consequently, on May 18, 2024, Plaintiff filed a Motion for Entry of Clerk's Default. *See* ECF No. 7. The Clerk entered default against Defendant on May 20, 2024. *See* ECF No. 8. On June 6, 2024, Plaintiff filed a Motion for Class Certification Discovery seeking to commence discovery related to class certification. *See* ECF No. 10. The Court granted Plaintiff's Motion for Class Certification Discovery on August 1, 2024. *See* ECF No. 14. Nearly five months after being properly served with the Complaint, on September 12, 2024, Defendant filed the instant motion seeking to vacate the Clerk's Entry of Default and the August 1st Discovery Order. *See* ECF No. 15.

## STANDARD OF REVIEW

Rules 55(c) and 60(b) allow a district court to set aside its entry of default or default judgment for "good cause." *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000); Fed. R. Civ. P. 55(c); 60(b). In determining whether "good cause" exists, the Court considers three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the opposing party; and (3) whether the movant presents a meritorious defense. *See id.* at 292. The court may also consider other relevant factors, such as "whether [the movant] acted expeditiously to correct the default." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *See UnitedHealthcare Ins. Co. v. Holley*, 724 Fed. Appx. 285, 288 (5th Cir. 2018) (quoting *Lacy*, 227 F.3d at 292 (internal quotations omitted)).

**ARGUMENT**

I.   **Defendant's Default Was Willful**

Defendant attempts to portray its failure to respond to the Complaint as a mistake; however, Defendant demonstrated a clear pattern of evasive conduct. Defendant had ample time to respond to the lawsuit after being served on April 25, 2024. *See* ECF No. 6. Defendant's assertion that it believed it was not the correct party and attempted to communicate with Plaintiff's counsel does not excuse its failure to file a timely response. "Mere confusion or lack of familiarity with the litigation process does not excuse [Defendant's] neglect of [its] responsibility to respond." *See Holley*, 724 Fed. Appx. at 288 (citing *See Matter of Dierschke*, 975 F.2d 181, 184 (5th. Cir. 1992)).

Moreover, Defendant failed to maintain accurate registered agent information with the Texas Secretary of State, as required by Texas law.[1] Plaintiff's initial attempts to serve Defendant at the registered agent's address listed on file were unsuccessful, with individuals at that location denying any knowledge of the Defendant. *See* ECF No. 6.  When Plaintiff subsequently served the Motion for Entry of Clerk's Default via Certified Mail to this same registered agent's address in Van, Texas, it was signed for by Will T. Miller ("Will Miller"), the owner and registered agent of Defendant. The Proof of Delivery Information from FedEx is hereto attached as **Exhibit A**. This evidence demonstrates that Defendant had access to the registered agent's address and deliberately chose to evade service.

Despite Defendant's attempt to evade service, Plaintiff successfully served Defendant on

---

[1] Records maintained by the Business Entity Search Station for the Texas Secretary of State's office reflect that William T. Miller (located at 983 East Main St., Van, Texas 75790) was registered as Defendant's agent for service of process at the time service was attempted on Defendant (care of William T. Miller at the foregoing address) on April 12, 2024. *See* **Exhibit B** (screenshot of information from the Business Entity Search Station for the Texas Secretary of State's Office).

April 25, 2024, at its owner's principal place of business (1420 W. Mockingbird Ln, Suite 540, Dallas, Texas 75247). *See* ECF No. 6. Despite this proper service, Defendant failed to file any response to the Complaint. Plaintiff subsequently served Defendant with the Motion for Entry of Clerk's Default on May 22, 2024, at both the registered agent's address and Will Miller's principal place of business. Only then, did Will Miller contact Plaintiff's Counsel, acknowledging receipt of the Plaintiff's Motion for Entry of Clerk's Default. However, Defendant still failed to enter an appearance or otherwise respond to the lawsuit.

This pattern of evasion continued when Defendant was served with the Motion for Class Certification Discovery on June 10, 2024. A copy of the Electronic Delivery Confirmation from USPS is attached hereto as **Exhibit C.** Defendant offered no response to the Court. It was only after being compelled by a subpoena to produce discovery – more than four months after being properly served with the lawsuit – that Defendant finally made a formal appearance. *See* ECF Nos. 15-18. This prolonged period of inaction, following proper service and direct communication, strongly suggests a willful disregard for the legal process.

Once a district court finds that default was willful, the inquiry ceases, and it does not abuse its discretion in denying defendant's request to set aside the judgment. *See Holley*, 724 Fed. Appx. at 288 (5th Cir. 2018) (citing e.g., *Dierschke*, 975 F.2d at 184-85 ("Willful failure alone may constitute sufficient cause for the court to deny [the defendant's] motion"); *Lacy*, 227 F.3d at 292 ("A finding of willful default ends the inquiry"); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999) (affirming the district court's denial of defendant's motion to set aside the judgment on the sole basis that the default was willful)).

Defendant's failure to respond to the Complaint was not due to mistake, inadvertence, surprise, or excusable neglect. Rather, it was a deliberate and willful decision to ignore the legal

process. Defendant had months to respond to the Complaint and raise its defenses, but it chose not to do so. Accordingly, Defendant has not met its burden of showing good cause to vacate the entry of default.

## II. Plaintiff Will Be Prejudiced

The Defendant's claim that Plaintiff will suffer no prejudice if the entry of default is vacated ignores the substantial harm to the Plaintiff and to the putative classes. Vacating the entry of default would prevent Plaintiff, as the class representative, to move forward with the discovery Plaintiff has already initiated and was granted by the Court to gather evidence and prepare the case for class certification. *See* ECF No. 14.

Defendant's nearly five-month delay in making an appearance, following proper service, has already prejudiced Plaintiff by increasing the risk of evidence loss and creating difficulties in discovery. As recognized by the Fifth Circuit, when opposing a motion to vacate an entry of default, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion" to establish prejudice. *See Lacy*, 227 F.3d at 293 (citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). The passage of time inevitably increases the risk that crucial evidence may be lost or destroyed, whether intentionally or inadvertently. Memories fade, documents are misplaced or destroyed, and electronic data can be overwritten or become corrupted. Defendant's prolonged delay has heightened these risks, making it more difficult for Plaintiff to gather the evidence necessary to prove his claims and establish the basis for class certification.

Now, by filing this motion to vacate, Defendant seeks to further delay the proceedings and compound the prejudice that Plaintiff and the putative classes have already suffered. Granting this motion would reward Defendant's evasive tactics – which included failing to maintain accurate

registered agent information, avoiding service, and not making a formal appearance or defense for months in the face of multiple court filings – with an unwarranted extension of time. This would not only be unjust but would also send a dangerous message that parties can disregard the rules of procedure without consequence. Plaintiff has diligently pursued his claims and is entitled to a timely resolution of this matter. Therefore, the Court should deny Defendant's motion to vacate and allow this case to proceed.

**III.     Defendant Does Not Have a Meritorious Defense to Plaintiff's Complaint**

Defendant attempts to raise a purported meritorious defense by claiming that it is not the proper party to this action. However, when initially contacted by Defendant, Plaintiff inquired about its contact information to ascertain its legitimacy. In response, an employee of Defendant sent Plaintiff a link that directed him to Defendant's website.[2] A copy of the text Defendant's employee sent to Plaintiff is attached hereto as **Exhibit D**. Upon clicking on the website, it shows a header containing its locations, which includes its San Antonio office and/or subsidiary.[3] Additionally, the "Contact Us" page of Priority Roofing's website lists 1420 W. Mockingbird Ln. Suite 540, Dallas, TX 75247 as the Dallas office location.[4] Notably, this is the same address where Defendant was successfully served with process. Given this evidence, Defendant's claim that it is not the proper party lacks merit and appears to be an attempt to avoid accountability.

The evidence shown above demonstrates that Plaintiff did not sue the wrong party. Thus, the Court should reject this defense and deny Defendant's motion to vacate.

**IV.     The Court's August 1st order should not be vacated**

The Defendant's argument that the Discovery Order should be vacated is entirely

---

[2] https://app.repcard.com/bobbysolis/hello/D7G1-a1h
[3] https://priorityroofs.com/san-antonio/
[4] https://priorityroofs.com/contact-us/

dependent on its argument that the Entry of Default should be vacated. In making this argument, Defendant omits that it had months, prior to filing its present Motion, to respond to the Motion for Class Certification Discovery and to appear at the hearing for it. Vacating the Discovery Order now would significantly prejudice Plaintiff and the putative classes. As discussed above, delaying discovery would delay the class certification process and increase the complexity of the litigation. It would increase the risk of evidence loss and would make it more difficult for Plaintiff to gather the information necessary to establish the elements of a class action, potentially jeopardizing the ability of the putative class members to seek redress for their injuries. Therefore, the Court should deny Defendant's request and allow discovery to proceed as ordered.

## CONCLUSION

For the reasons set forth above, Plaintiff, Mark Ortega, on behalf of the putative classes, requests this Court to deny Defendant's Rule 60(b) Motion to Vacate Clerk's Entry of Default and deny its request to vacate the Court's Discovery Order.

Dated: September 21, 2024

> By: */s/ Paulina Almanza*
> Paulina Almanza (TX Bar No. 24109580)
> paulina@almanza.legal
> Almanza Terrazas PLLC
> 13423 Blanco Rd, PMB 8098
> San Antonio, Texas 78216
> Telephone: 512-900-9248
>
> *Attorney for Plaintiff and the putative Classes*

## **CERTIFICATE OF SERVICE**

I certify that on September 21, 2024, a copy of this document was served on Counsel for Defendant, through the Court's CM/ECF filing system.

<div align="right">

/s/*Paulina Almanza*
Paulina Almanza

</div>

# EXHIBIT A

Dear Customer,

The following is the proof-of-delivery for tracking number: 274830807010

| Delivery Information: | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | W.MILLER | **Delivery Location:** | |
| **Service type:** | FedEx 2Day | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery; Direct Signature Required | | VAN, TX, |
| | | **Delivery date:** | May 22, 2024 12:17 |

| Shipping Information: | | | |
|---|---|---|---|
| **Tracking number:** | 274830807010 | **Ship Date:** | May 20, 2024 |
| | | **Weight:** | 0.5 LB/0.23 KG |

| **Recipient:** | **Shipper:** |
|---|---|
| VAN, TX, US, | San Antonio, TX, US, |

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment.  Please check again later for a signature.

Thank you for choosing FedEx

# EXHIBIT B

# TEXAS SECRETARY of STATE
# JANE NELSON

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 802704470 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | April 24, 2017 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32063532488 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | Priority Contracting & Roofing LLC |
| **Address:** | 3939 US HWY 80 EAST STE 463 MESQUITE, TX 75150 USA |

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS

| Name | Address | Inactive Date |
|---|---|---|
| William T Miller | 983 East Main St Van, TX 75790 USA | |

[Order] [Return to Search]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# EXHIBIT C



Paulina Almanza &lt;paulina@almanza.legal&gt;

## Certified Mail Electronic Delivery Confirmation
2 messages

**Send Certified Mail** &lt;no_reply@sendcertifiedmail.com&gt;  Tue, Jun 11, 2024 at 2:18 AM
To: paulina@almanza.legal

This is an Electronic Delivery Confirmation to inform you that a USPS Certified Mail item created 06/06/2024 15:39:57 has been delivered.
USPS Certified Mail Number: **9414811898765469605272**

**Addressed To:**
**Priority Contracting and Roofing LLC**
**Will Miller**
**1420 W. Mockingbird Ln**
**Suite 540**
**Dallas, TX 75247**

Your Reference:
This item was **Your item was delivered to the front desk, reception area, or mail room at 5:53 pm on June 10, 2024 in DALLAS, TX 75247.**

Click here to print Certified Mail Labels Electronic Delivery Confirmation&#8480 Report.
If you cannot open this link, then please copy and paste the entire URL into your browser's address bar and press Enter
https://cml-edc.s3.amazonaws.com/9414811898765469605272-20240611.pdf

You may view detailed delivery information by logging into Send Certified Mail. On the red navigation bar click Reports, then Summary Tracking Report. This delivery confirmation information will be stored in your secure online account for 10 years.
If you do not wish to receive Electronic Delivery Confirmation emails, you may remove or change the email stored in your Mail Profile. Do this by logging into sendcertifiedmail.com. On the red navigation bar, click **Management**, **Mailing Profiles**. Then edit or remove the email address and click next to save and exit.

If you require additional assistance, please contact our Help Desk (https://www.SendCertifiedMail.com/contact) or call us at 800-406-1792 Monday through Friday, from 8:30 AM to 6:00 PM EST.

Send Certified Mail ® is a trademark of the United States Postal Service USPS. www.SendCertifiedMail.com Copyright 2006-2024. All rights reserved.

**Send Certified Mail** &lt;no_reply@sendcertifiedmail.com&gt;  Tue, Jun 11, 2024 at 8:51 AM
To: paulina@almanza.legal

# EXHIBIT D

