IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

| | |
|---|---|
| MARK ORTEGA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIORITY CONTRACTING AND ROOFING LLC d/b/a PRIORITY ROOFING<br><br>Defendant. | Case No. 5:24-cv-351-JKP-HJB |

**DEFENDANT'S REPLY IN SUPPORT OF ITS OPPOSED RULE 60(b) MOTION TO VACATE CLERK'S ENTRY OF DEFAULT AND AUGUST 1ST DISCOVERY ORDER**

Defendant Priority Contracting and Roofing LLC d/b/a Priority Roofing ("Defendant"), by and through its counsel of record, hereby respectfully submits its Reply in Support of its Rule 60(b) Motion to Vacate Clerk's Entry of Default and August 1st Discovery Order. Plaintiff Mark Ortega's ("Ortega") Response comes to the failed conclusion that Defendant willfully defaulted, vacating the Clerk's Entry of Default would prejudice Ortega, and that Defendant does not have a meritorious defense. However, as outlined in Defendant's Rule 60(b) Motion to Vacate Clerk's Entry of Default and August 1st Discovery Order (the "Motion") and those outlined herein, it is apparent that Ortega's arguments in Responses should be disregarded as both contrary to the law and the facts of the pending case. As such, the Court must grant Defendants' Motion and vacate the Clerk's Entry of Default Against Defendant and the Court's August 1st Discovery Order.[1]

---

[1] Along with the arguments set forth in this Reply, Defendant directs the Court to the arguments made in its Motion, and incorporates the same herein by reference.

1

**ARGUMENT**

Ortega improperly argues that (1) Defendant willfully failed to respond to Ortega's Complaint, (2) Ortega will be prejudiced if the Motion is granted due to delay, and (3) Defendant does not have a defense to Ortega's claims. As a threshold consideration, the Fifth Circuit Court of Appeals has held that an entry of default should be more readily vacated than an entry of default judgment. *See Beitel v. OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008). Additionally, courts have an interest in determining cases on the merits. *Duran v. City of Eagle Pass*, Civil Action No. SA-10-CA-0504-XR, 2011 U.S. Dist. LEXIS 8297, at *13 (W.D. Tex. Jan. 26, 2011) (citing *In re Marinez*, 589 F.3d 772, 776–77 (5th Cir. 2009)). As addressed herein, Ortega's arguments must be rejected because the Clerk's Entry of Default and the August 1st Discovery Order are founded on an improperly named Defendant, and in justice and fairness, Defendant should not be held responsible in the stead of another. As such, the Court must disregard Ortega's arguments, and find in favor of Defendant.

**I.    Defendant Did Not Willfully Ignore the Complaint**

Ortega casts Defendant as a willfully evasive entity in an attempt to argue that Defendant has not shown good cause to vacate the Clerk's Entry of Default. However, this is clearly a mischaracterization by Ortega to avoid taking responsibility for bringing a lawsuit against the wrong party.[2] Defendant did not willfully avoid the lawsuit; rather, it failed to respond to the Complaint due to excusable neglect. "When determining whether there has been excusable neglect, [courts] review 'all relevant circumstances surrounding the party's omission.'" *Duran*, 2011 U.S. Dist. LEXIS 8297, at *16 (quoting *Johnson v. Potter*, 364 Fed. App'x 159, 164 (5th Cir. 2010) (internal quotations omitted)). Defendant did not respond to Ortega's Complaint principally

---

[2] Not to mention Ortega's counsel's possible Rule 11(b) violation, given it is apparent that Ortega's counsel did not perform due diligence in locating and naming the right party in this action.

2

because it believed it did not have to because it was not the appropriate party to the lawsuit.  *See* Dkt. 15-1, Ex. 1, App.002 ¶11.

A review of the Business Entity Search Station for the Texas Secretary of State's office is instructive on Ortega's errors in naming the wrong party.  A search of "Priority Contracting and Roofing" and "Priority Contracting and Roofing LLC" results in multiple entries of entities with similar naming conventions.[3]



---

[3] *See* https://direct.sos.state.tx.us/acct/acct-login.asp.

| Mark | Filing Number | Name | Entity Type | Entity Status | Name Type | Name Status |
|---|---|---|---|---|---|---|
| ○ | 802704470 | Priority Contracting & Roofing LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 802802764 | Priority Contracting & Roofing - Tyler, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803470101 | Priority Contracting & Roofing ï¿½ Austin, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803714092 | Priority Contracting & Roofing ï¿½ Houston, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803714279 | Priority Contracting & Roofing - QC, LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |
| ○ | 804629749 | Priority Contracting & Roofing - Zoom Room, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | Prior |
| ○ | 805491670 | PRIORITY CONTRACTING SERVICES LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 801571971 | PRIORITY CONTRACT MANAGEMENT LLC | Domestic Limited Liability Company (LLC) | Voluntarily dissolved | Legal | Inactive |
| ○ | 803272140 | Priority One Roofing and Contractors, LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |
| ○ | 803332782 | Priority Contracting Company LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |

While the search results include Defendant, it also shows the rightful defendant, which Ortega and his counsel, with the exercise of due diligence, should have discovered. Instead, Ortega names Defendant and offers his screenshot from the Business Entity Search Station as proof that Defendant is the right entity. *See* Ortega Response, Ex. B. From the screenshot, it is clear that Defendant is principally located at 3939 US Highway 80 East, Suite 463, Mesquite, Texas 75790. However, in his Response, Ortega claims that Defendant's address is 1420 West Mockingbird Lane, Suite 540, Dallas, Texas 75247, which is ultimately where Ortega served Defendant.

It is imperative that the Court recognize that Ortega did not attempt service at any other location as he argues in his Response. Ortega claims "Plaintiff's initial attempts to serve Defendant at the registered agent's address listed on file were unsuccessful, with individuals at that location denying any knowledge of the defendant. *See* **ECF No. 6.**" Ortega Response, p. 3 (bold added). Notably, however, ECF No. 6 fails to support Ortega's contention because this filing is the Proof

4

of Service at 1420 West Mockingbird Lane, Suite 540, Dallas, Texas 75247 location.  Beyond, the Summons, *see* ECF No. 3, is addressed to Defendant at 983 East Main Street, Van, Texas 75790

To further support his belief that Defendant exists at 1420 West Mockingbird Lane, Suite 540, Dallas, Texas 75247, Ortega provides a link to Priority Roofing's website's contact page. Ortega Response, p. 6, n. 4; *see* https://priorityroofs.com/contact-us/.  Priority Roofing's contact page notes that Priority Roofing's Dallas location is 1420 West Mockingbird Lane, Suite 540, Dallas, Texas 75247.  Curiously, though, Defendant's address, identified in Exhibit B, is not listed on the contact page for Priority Roofing.  *Compare* Ortega Response, Ex. B *with* Ortega Response, p. 6, n.4.  Had Ortega reviewed and investigated all similarly named entities available on the Business Entity Search Station for the Texas Secretary of State's office, he likely would have been able to name the appropriate entity as the defendant in this lawsuit.

Beyond, Ortega has no excuse for failing to name the right defendant due to the similarities in the naming conventions of the entities because while "corporate entities often share a portion of the same name," they are "nonetheless, separate and distinct corporate entities." *North Carolina Mut. Life Ins. Co. v.  Whitworth*, 124 S.W.3d 714, 718 (Tex. App. 2003); *see also Manville Sales Corp. v. Paramount Sys.*, 917 F.2d 544, 552 (Fed. Cir. 1990) ("the corporate entity should be recognized and upheld"); *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 655 (N.D. Tex. 2000) (citing *Manville Sales Corp.*, 917 F.2d at 552).  As such, Ortega's claims that Defendant willfully avoided service and response to the Complaint is a misrepresentation of the fact that Defendant is not the rightfully named party based on the allegations contained in the Complaint.  Therefore, the Clerk's Entry of Default should be vacated.  *See Thomas v. Cactus Drilling Corp. of Tex.*, 405 S.W.2d 214, 215 (Tex. App. 1966).

Notwithstanding Ortega's naming of the incorrect party, his contentions that Defendant was continuously evasive even after the Clerk's Entry of Default are unfounded. Ortega has conveniently chosen to ignore his attorney's various contacts and communications with Will Miller. Will Miller began communicating with Ortega's attorney immediately after the Clerk's Entry of Default and continued for many weeks in an attempt to resolve the case. *See* Dkt. 15-1, Ex. 1, App.002 ¶¶8-10. Throughout the various contacts, Ortega's attorney led Will Miller to believe the case would get settled. *See* Dkt. 15-1, Ex. 1, App.002 ¶¶8-10.[4] Will Miller sought representation when it became apparent that Ortega's attorney's settlement discussions were merely lip service as filings piled on the wrong entity's desk.

Defendant was not inactive as Ortega claims but was at most neglectful in participating in the legal process. While confusion or a lack of understanding of the legal process is generally no excuse for failure to respond to a lawsuit, *see United Healthcare Ins. Co. v. Holley*, 724 Fed. Appx. 285, 288 (5th Cir. 2018) (citing *In re Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)), judgment cannot be entered against the wrong party. *See Thomas v. Cactus Drilling Corp. of Tex.*, 405 S.W.2d 214, 215 (Tex. App. 1966). Even if Defendant's failure to answer the Complaint constitutes neglect, it was excusable considering the wrong party was named and Defendant's beliefs based on its communications with Ortega's counsel. As such, this Court must find that Defendant did not willfully evade this lawsuit.

## II. Ortega Will Not Be Prejudiced

Ortega fails to prove that he will be prejudiced should the Court vacate the Clerk's Entry of Default. Instead, he offers mere platitudes to prove that any delay will definitively result in the "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and

---

[4] It should be noted that, nowhere in Ortega's Response did counsel address and/or contest her numerous contacts with Will Miller.

6

collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).  Ortega cannot show that Defendant will lose any evidence, that difficulties will arise in the discovery process, or that Defendant will engage in fraud or collusion.  Instead, Ortega's basis of prejudice is based on his belief that "Defendant's prolonged delay has heightened these risks, making it more **difficult** for Plaintiff . . . **to prove his claims** and establish the basis for class certification." Ortega Response, p. 5 (emphasis added).  Courts have long held that a plaintiff cannot prove prejudice where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293; *General Tel. Corp. v. General Tel. Answering Service*, 277 F.2d 916, 921 (5th Cir. 1960); *U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).  As such, Ortega has not carried his burden to prove that vacating the Clerk's Entry of Default would result in prejudice.

It is evident from Ortega's Response that his greater concern is his ability to prove his case if the Court vacates the Clerk's Entry of Default.  His concerns are insufficient to prove prejudice.  As such, Ortega's argument should be disregarded, and the Court enter an order vacating the Clerk's Entry of Default.

**III.    Naming the Wrong Party is a Meritorious Defense to Ortega's Complaint**

As addressed substantively above and in Defendant's Motion, Defendant has a meritorious defense to Ortega's Complaint because Ortega has named the wrong party.  By naming the wrong party, this Court likely does not have subject matter jurisdiction over Ortega's claims. *De Leon v. Perry*, 975 F. Supp. 2d 632, 645 (W.D. Tex. 2014) (citing *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006) ("[T]he Court addresses the issue of standing as it is one of subject-matter jurisdiction."). Essential to determining Article III standing is that the plaintiff must have suffered an injury in fact, a causal connection exists between the injury and the conduct complained of, and

7

redressability by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). As the Supreme Court stated in Lujan, "'the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976)). Without repeating the discussion above, Defendant, as the wrong party, is untraceable to the alleged injurious conduct in Ortega's Complaint. Therefore, Ortega lacks the standing necessary to sustain his claims before this court. The Court's lack of subject matter jurisdiction is a clear defense to the claims made in Ortega's Complaint.[5] As such, it is clear that this Court should find that Defendant has a meritorious defense.

### IV.     The Court's August 1st Order Should be Vacated.

Ortega's argument against vacating the Court's Discovery Order is, again, that it will prejudice Ortega's ability to "establish the elements of a class action" and "increase the complexity of the litigation." Ortega Response, p. 6–7. However, as noted above, there is no prejudice to a plaintiff if vacating an order will result in them having to prove their case. *Lacy*, 227 F.3d at 293. Beyond, the Discovery Order should be vacated principally because Defendant is the wrong party in this action. Should the Court ultimately vacate the Clerk's Entry of Default, as it should, Defendant intends to file a Motion to Dismiss for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. As such, Defendant should not be subject to the cost, time, and expense of responding to unnecessary discovery, which Ortega issued upon it.

### CONCLUSION

For the reasons stated herein and those addressed in Defendant's Motion, this Court should find that there is good cause to vacate the Clerk's Entry of Default and the Discovery Order. As

---

[5] Should the Court find that it does not have subject matter over the claims made in Ortega's Complaint, it should dully vacate the Clerk's Entry of Default as it is void pursuant to Fed. R. Civ. P. 60(b)(4).

such, Defendant respectfully requests this Court grant its Rule 60(b) Motion to Vacate Clerk's Entry of Default, vacate the Court's Discovery Order, and for such other, further, or alternative relief as the Court deems just and proper.

Dated this 28th day of September, 2024.

                                  PRIORITY CONTRACTING AND
                                  ROOFING LLC d/b/a PRIORITY
                                  ROOFING, Defendant,

By:    */s/ Ryan M. Kunhart*
          Ryan M. Kunhart
          Texas Bar Mp/ 241-84-3
          Dvorak Law Group, LLC
          9500 W. Dodge Rd., Ste. 100
          Omaha, NE  68114
          402-934-4770
          402-933-9630 (facsimile)
          rkunhart@ddlawgroup.com

Attorneys for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2024 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF filing system.

                                  */s/ Ryan M. Kunhart*
                                  Ryan M. Kunhart