**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISON**

MARK ORTEGA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PRIORITY CONTRACTING AND ROOFING LLC d/b/a PRIORITY ROOFING

Defendant.

Case No. 5:24-cv-351-JKP-HJB

**DEFENDANT'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO QUASH**

Defendant Priority Contracting and Roofing LLC d/b/a Priority Roofing ("Defendant"), by and through its counsel of record, hereby respectfully submits its Reply in Support of its Motion to Quash (the "Reply"). Plaintiff Mark Ortega's ("Ortega") Response must be disregarded because it is premised on the erroneous belief that Defendant is the entity that has caused Ortega some traceable injury in fact. However, as more fully briefed in Defendant's Motion to Vacate, *see* Dkt. 15, and Defendant's Reply in Support of its Motion to Vacate, *see* Dkt. 23, Ortega cannot sustain a claim against Defendant because Defendant is the incorrect party. As such, and for the reasons outlined herein and in Defendant's Motion to Quash (the "Motion"), this Court must quash Ortega's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action which was served on Will Miller on or about August 21, 2024 (the "Subpoena").[1]

[1] Along with the arguments set forth in this Reply, Defendant directs the Court to the arguments made in its Motion, and incorporates the same herein by reference.

## ARGUMENT

### I. The Subpoena Should Be Quashed Because Defendant is the Incorrect Party

The central issue is whether the Court lacks subject matter jurisdiction over Ortega's claims alleged against Defendant in the Complaint because Ortega lacks the standing necessary to support his claims. "[T]he Court addresses the issue of standing as it is one of subject-matter jurisdiction." *De Leon v. Perry*, 975 F. Supp. 2d 632, 645 (W.D. Tex. 2014) (citing *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006). Essential to determining Article III standing is that the plaintiff must have suffered an injury in fact, a causal connection exists between the injury and the conduct complained of, and redressability by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). As the Supreme Court stated in *Lujan*, "'the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976)). The United States Supreme Court has held "that if a district court does not have subject-matter jurisdiction over the underlying action," the court lacks jurisdiction to extend subpoenas. *U.S. Catholic Conference v. Abortion Rights Mobilizations*, Inc., 487 U.S. 72, 76 (1988) ("the subpoena power of a court cannot be more extensive than its jurisdiction.").

Without rehashing the entirety of Defendant's arguments made in Defendant's Motion to Vacate and its Reply in Support of its Motion to Vacate, it bears repeating that Ortega has named the wrong defendant in his case. A search of "Priority Contracting and Roofing" and "Priority Contracting and Roofing LLC" on the Texas Secretary of State's Business Entity Search Station results in multiple entries of entities with similar naming conventions.[2]

[2] *See* https://direct.sos.state.tx.us/acct/acct-login.asp.


9/24/24, 2:30 PM BUSINESS ORGANIZATIONS INQUIRY

**TEXAS SECRETARY of STATE**
**JANE NELSON**

**FIND ENTITY NAME SEARCH**

This search was performed with the following search parameter:
**ENTITY NAME :** Priority Contracting and Roofing

| Mark | Filing Number | Name | Entity Type | Entity Status | Name Type | Name Status |
|---|---|---|---|---|---|---|
| ○ | 802704470 | Priority Contracting & Roofing LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 802802764 | Priority Contracting & Roofing - Tyler, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803470101 | Priority Contracting & Roofing ï¿½ Austin, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803714092 | Priority Contracting & Roofing ï¿½ Houston, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803714279 | Priority Contracting & Roofing - QC, LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |
| ○ | 804629749 | Priority Contracting & Roofing - Zoom Room, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | Prior |
| ○ | 805491670 | PRIORITY CONTRACTING SERVICES LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 801571971 | PRIORITY CONTRACT MANAGEMENT LLC | Domestic Limited Liability Company (LLC) | Voluntarily dissolved | Legal | Inactive |
| ○ | 803272140 | Priority One Roofing and Contractors, LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |
| ○ | 803332782 | Priority Contracting Company LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |

Records 1 to 10 of 8873 scroll [Next >>] **OR** proceed to page [ ] of 888 pages [GO]

[Return to Order] [New Search]

Instructions:
- To view additional information pertaining to a particular filing select the number associated with the name.
- To place an order for additional information about a filing select the radial button listed under 'Mark' that is associated with the entity and press the 'Order' button.

https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-find.asp 1/1

9/24/24, 2:31 PM BUSINESS ORGANIZATIONS INQUIRY

**TEXAS SECRETARY of STATE**
**JANE NELSON**

**FIND ENTITY NAME SEARCH**

This search was performed with the following search parameter:
**ENTITY NAME :** Priority Contracting and Roofing LLC

| Mark | Filing Number | Name | Entity Type | Entity Status | Name Type | Name Status |
|---|---|---|---|---|---|---|
| ○ | 802704470 | Priority Contracting & Roofing LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 802802764 | Priority Contracting & Roofing - Tyler, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803470101 | Priority Contracting & Roofing ï¿½ Austin, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803714092 | Priority Contracting & Roofing ï¿½ Houston, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 803714279 | Priority Contracting & Roofing - QC, LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |
| ○ | 804629749 | Priority Contracting & Roofing - Zoom Room, LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | Prior |
| ○ | 805491670 | PRIORITY CONTRACTING SERVICES LLC | Domestic Limited Liability Company (LLC) | In existence | Legal | In use |
| ○ | 801571971 | PRIORITY CONTRACT MANAGEMENT LLC | Domestic Limited Liability Company (LLC) | Voluntarily dissolved | Legal | Inactive |
| ○ | 803272140 | Priority One Roofing and Contractors, LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |
| ○ | 803332782 | Priority Contracting Company LLC | Domestic Limited Liability Company (LLC) | Forfeited existence | Legal | Inactive |

Records 1 to 10 of 8873 scroll [Next >>] **OR** proceed to page [ ] of 888 pages [GO]

[Return to Order] [New Search]

Instructions:
- To view additional information pertaining to a particular filing select the number associated with the name.
- To place an order for additional information about a filing select the radial button listed under 'Mark' that is associated with the entity and press the 'Order' button.

https://direct.sos.state.tx.us/corp_inquiry/corp_inquiry-find.asp 1/1

3


While the search results include Defendant, it also shows the rightful defendant, which Ortega and his counsel, with the exercise of due diligence, should have discovered.

Ortega further disputes Defendant's arguments by saying that because of the existence of a website with the name "Priority Roofing" prominently displayed, Defendant is, in fact, the right party. It is important to note that Ortega does not provide any substantive evidence that indicates that Defendant has a trade name, d/b/a, or assumed name of "Priority Roofing." Therefore, the contention that the name "Priority Roofing" on a website proves that Defendant is the correct defendant is unfounded, and the existence of a website is not definitive proof that Defendant is the correct party.

Ortega further contends that the fact that he named the wrong party as defendant is a non-issue as he "properly served" Defendant. However, the actual issue is whether this Court has jurisdiction to oversee Ortega's claims as currently pled. Because Defendant is the wrong party, Ortega cannot show how his alleged injury is traceable to Defendant. Without a traceable injury, Ortega lacks the standing necessary to pursue his claims against Defendant. *See Lujan* , 504 U.S. at 560. Should the Court find that Ortega does not have standing to bring his claims, the Court must find that it lacks the requisite jurisdiction. *See De Leon*, 975 F. Supp. 2d at 645. Without jurisdiction over the claim, the Subpoena served on Will Miller must be quashed. *See U.S. Catholic Conference*, 487 U.S. at 76.

## II. The Subpoena Should Be Quashed Even If The Court Finds Defendant is the Correct Party

If the Court finds that it does have subject matter jurisdiction over Ortega's claims, the Court should still quash the Subpoena as it places an unwanted burden on a non-party as it is far too overbroad, vague, ambiguous, unduly burdensome, and not sufficiently tailored in time or scope. As stated in Defendant's Motion, "[t]o determine whether the subpoena presents an undue

burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Ortega contends that the Subpoena does not impose an undue burden on Will Miller.

It is apparent that Ortega is attempting to go phishing for any and all information. Principally, by seeking "[a]ll call logs, records, and databases showing calls made to individuals since, April 6, 2020, to the present," Ortega is ostensibly seeking unfettered access to Will Miller's personal privacy. *See Clewett v. TXU Energy Retail Company, LLC*, Civil Action No. 3:21-CV-0692-S, 2023 WL 6536148, at *2 (N.D. Tex. Jan. 30, 2023) (holding that unfettered access to call logs and phone records was unduly burdensome and an infringement on a non-party's expected personal and financial privacy). As addressed in Defendant's Motion, Ortega's request asks Will Miller to disclose hundreds of thousands of calls, many of which have nothing to do with the underlying allegations of Ortega's claims. It is clear that Ortega believes this information is necessary to recruit members of the putative class; however, it is unclear how precisely Ortega will use the phone numbers he so desperately seeks. Perhaps there is irony in Ortega calling the numbers from Will Miller's phone records to solicit people who are on Do Not Call Lists.

Ortega tries to claim that the Subpoena does not seek to pry into Will Miller's personal communications; and yet, the Subpoena does not narrow the scope to clarify that Ortega seeks information Will Miller has on behalf of Defendant. Any claim to the contrary is merely an attempt to hide the wide net that Ortega has cast over Will Miller. As such, and to prevent the undue burden of the Subpoena, this Court must grant Defendant's Motion to Quash.

**CONCLUSION**

For the reasons stated herein and those addressed in Defendant's Motion, this Court should find that there is good cause to quash Ortega's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. As such, Defendant respectfully requests this Court grant its RRule 45 Motion to Quash, and for such other, further, or alternative relief as the Court deems just and proper.

Dated this 28th day of September, 2024.

PRIORITY CONTRACTING AND ROOFING LLC d/b/a PRIORITY ROOFING, Defendant,

By: *__/s/ Ryan M. Kunhart__*______________
Ryan M. Kunhart
Texas Bar Mp/ 241-84-3
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
402-934-4770
402-933-9630 (facsimile)
rkunhart@ddlawgroup.com

Attorneys for Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2024 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF filing system.

*__/s/ Ryan M. Kunhart__*_______________
Ryan M. Kunhart